UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 NOV 16  PM 4: 42

CLERK
BY_____
DEPUTY CLERK

2:20-cv-191

John Doe,

        Plaintiff,

    v.

The Corporation of Marlboro College,

        Defendant.

CIVIL CASE NO. _____

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff seeks redress against Defendant The Corporation of Marlboro College ("Marlboro") due to the actions, omissions, errors, and the flawed procedures, and/or negligence and overall failure to provide Plaintiff with requisite due process, concerning the wrongful allegations of sexual misconduct made against John Doe, a male, sophomore student at Defendant Marlboro. The unfounded allegations were made by a fellow Marlboro student, Jane Doe, a senior student at the time.

2. In October 2019, Plaintiff was falsely accused of sexual assault by Jane Doe. Jane Doe alleged that she was assaulted while the two were spending a weekend together at an off-campus cabin in Winhall, Vermont in April 2019. At the cabin, Plaintiff and Jane Doe spoke to each other through the wall of their separate bedrooms before Plaintiff joined her in bed and the two began to cuddle. Jane Doe alleged that after being the "little spoon" and removing her own underwear, Plaintiff sexually assaulted her for approximately one minute in duration before they stopped and talked together in bed for one hour. Plaintiff and Jane Doe agreed to begin dating as a couple that evening and Jane Doe performed oral sex on Plaintiff before the two went to

sleep.  The two then had consensual sexual intercourse the following morning.  Plaintiff and Jane Doe then dated and regularly engaged in consensual sex before Plaintiff broke up with Jane Doe in the Spring of 2019.

3.  Approximately seven months after the alleged sexual assault took place and after having been in a relationship with Plaintiff that included numerous consensual sexual interactions and after their break up, Jane Doe lodged a complaint with Defendant Marlboro College on October 14, 2019.

4.  The complaint was investigated pursuant to Marlboro's Sexual Harassment and Sexual Misconduct policy beginning in October 2019, when Jane Doe met with Marlboro's Title IX Coordinator and witness advocate and subsequently filed her complaint with the college.  The investigation and determination continued through March 2020, when Plaintiff was informed that no method of appeal was available.

5.  The investigation was first handled by Marlboro's Title IX Coordinator, who interviewed both Plaintiff and Jane Doe, examined their written statements, interviewed a number of witnesses, and reviewed documentary evidence submitted by both parties regarding the incident.  During this process, Jane Doe was interviewed on three separate occasions by the Title IX Coordinator and was able to have two witnesses interviewed on her behalf.  Plaintiff was interviewed only once by the Title IX Coordinator and was able to have only one witness interviewed on his own behalf.  Like Jane Doe, Plaintiff requested for a second witness to be interviewed on his behalf but his request was denied due to alleged time constraints.

6.  Upon the completion of her investigation, the Title IX Coordinator submitted her report to a panel of five Marlboro faculty members comprising Marlboro's Panel on Sexual Misconduct and recommended that the case be closed without a finding that sexual misconduct had occurred.

7.  The panel of five reviewed the Title IX Coordinator's report, personally interviewed both Plaintiff and Jane Doe, and reviewed all available evidence before agreeing with the Title IX

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

coordinator and voting in favor of the Plaintiff.

8. Following the two separate findings that held in Plaintiff's favor, Jane Doe appealed the decision of the Title IX Panel.

9. Although Marlboro's Sexual Harassment & Sexual Misconduct Policy explicitly lists only three narrow grounds for appeal[1], the matter was allowed to proceed to the appellate stage though none of the permitted grounds were argued by Jane Doe.

10. The appeal was examined by three members of the Dean's Advisory Committee[2]. The three members of the Committee were chosen from a group that consisted of the Dean of Students, three Marlboro faculty members, and three Marlboro students – one of whom testified before the Title IX Coordinator on Jane Doe's behalf and described himself as Jane Doe's "best friend".   In spite of this conflict, no members of the Dean's Advisory Committee recused themselves from the investigation.

11.  The three members of the Dean's Advisory Committee then supposedly reviewed all available documentary evidence, but conducted no interviews of their own.  The Advisory Committee found by a preponderance of the evidence that Plaintiff had violated Marlboro's Policy on Sexual Misconduct, contrary to both prior determinations arrived at after face to face interviews of both the accuser and Plaintiff.

12. The Dean's Advisory Committee's report was then forwarded to Marlboro's Dean of Students, who sanctioned Plaintiff by suspending him for the remainder of the semester.  This sanction was made without any opportunity for Plaintiff to advocate on his behalf.

---

[1]  Marlboro's handbook states that "Appeals will be limited to the following grounds: (1) consideration of new evidence that was not reasonably available at the time of the formal investigation and/or the Panel's consideration of the matter; (2) an allegation of substantial procedural error on the part of the Investigator, the Title IX Coordinator or the Panel; or (3) the sanction imposed was disproportionate to the conduct violating the Policy."

[2]  According to Marlboro's handbook: "The committee advises the Dean of Students on student business and on the application of College and Town Meeting regulations; it may propose changes in regulations to the faculty, to Town Meeting, and to the Administration."

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

13. After being notified of the suspension, Plaintiff was incorrectly told by the Dean that his only available recourse was to appeal directly to the President.  However, after Plaintiff appealed to the President, Plaintiff was informed that no appeal was available to him and that the decision of the Dean's Advisory Committee was final – a violation of its own policies and of Title IX.

14. Plaintiff has been greatly damaged by Marlboro's breach of its contractual obligations as well as its violations of Title IX.  Plaintiff's educational career has been put on hold; his academic and employment future have been severely damaged; the money spent on obtaining a college education at Defendant Marlboro has been squandered; his reputation has been damaged; and his emotional and psychological health have been greatly compromised by the entire ordeal. Plaintiff brings this action to obtain relief based on causes of action for violations of Title IX of the Education Amendments of 1972, breach of contract, and breach of the covenant of good faith and fair dealing.

## JURISDICTION AND VENUE

15. This action arises out of Marlboro's breach of its contractual and other obligations to the plaintiff, as well as its violations of Title IX of the Education Amendments of 1972 (20 U.S.C. §1681) and Vermont common law.

16. The Plaintiff is an out of state resident, and the defendant is a resident of Vermont.  The amount in controversy exceeds $75,000.

17. This Court has diversity and supplemental jurisdiction pursuant to 28 U.S.C. §1331 and §1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 and the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

19. Plaintiff John Doe resides in the State of New York.  At all times specified above, Plaintiff was a student at Marlboro College and resided primarily on the Marlboro College campus in Marlboro, Vermont.

20. Upon information and belief, Defendant Marlboro College was a partially federally funded private liberal arts college located in Marlboro, Vermont, that closed its campus and no longer exists as an institution of higher learning.

## STATEMENT OF FACTS

### The Sexual Interaction in Winhall

21. Plaintiff and Jane Doe met and became friends in the fall of 2018 while studying together at Marlboro.  Over the course of the school year, the friendship grew and Jane Doe began to develop feelings for Plaintiff.  The friendship began to involve a physical component, including playful wrestling and platonic cuddling.   In March of 2019, Jane Doe confronted Plaintiff to discuss their relationship in hopes it would develop into something more.  Shortly thereafter, the two planned a trip with two additional friends to Plaintiff's family cabin in Winhall, Vermont.

22. On the night of April 5-6, 2019, the two spent a night alone together in the cabin.

23. During the evening, Plaintiff and Jane Doe engaged in consensual sex.  The following morning, the two again had consensual sexual intercourse.

24. Plaintiff and Jane Doe continued dating each other for a number of months until the

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

relationship ended in the summer of 2019.  During this time the two engaged in consensual sexual intercourse on a number of occasions.

<u>Investigation by Marlboro</u>

25. On October 10, 2019, approximately seven months after the visit to Winhall, and after their break up, Jane Doe reported to Marlboro's Title IX Coordinator that an alleged sexual assault had taken place during the trip to Winhall.

26. A second meeting was held on October 14, 2019, when Jane Doe was interviewed again to discuss her complaint.  A final complaint was drafted shortly thereafter. Jane Doe's final complaint alleged that Plaintiff had had sexual intercourse with her on the night of April 5-6, 2019, without her consent.

27. On October 17, 2019, Plaintiff was interviewed by the Title IX coordinator with Marlboro's respondent advisor present.  During the interview, Plaintiff denied sexually assaulting Jane Doe at the cabin in April or at any time before or after.  Approximately two weeks later, Plaintiff provided his formal response to Jane Doe's complaint.  In it, Plaintiff denied any sexual assault and asserted that all sexual encounters with Jane Doe then and later were consensual in nature.

28. On November 4, 2019, the Title IX coordinator interviewed Jane Doe for a third time, with a friend present for emotional support.  Jane Doe's friend was interviewed separately later that day as a witness on Jane Doe's behalf.  On that date Jane Doe submitted her formal reply to Plaintiff's response.

29. On November 8, 2019, a witness was interviewed on Plaintiff's behalf by the Title IX coordinator.  That same day, a second witness was interviewed on Jane Doe's behalf.  The witness, who was described as Jane Doe's "best friend", was a fellow Marlboro student and also

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

a member of the Dean's Advisory Panel.[3]  During the interview, Jane Doe's best friend stated that Jane Doe had always previously referred to the alleged sexual assault as "an awkward first sexual interaction" and that her view of the sexual interaction only changed after Plaintiff had broken up with her.

30. At some point around this time, Plaintiff requested that a second witness be interviewed on his behalf.  Although Jane Doe had already been interviewed on three separate occasions and had had two separate witnesses interviewed on her behalf, Plaintiff's request was denied due to time constraints during the investigation process.

31. On November 11, 2019, Plaintiff submitted a sur-reply to Jane Doe's reply.

32. On November 18, 2019, the Title IX coordinator released a preliminary report to Plaintiff and Jane Doe and recommended that Marlboro's Title IX Panel hold for Plaintiff and find that no violation of the school's sexual conduct policy had occurred.

33. Over the following week, in spite of the aforementioned time constraints that did not allow for additional witness interviews, three email exchanges took place between Jane Doe and the Title IX Coordinator where additional allegations were made against Plaintiff.

34. Plaintiff provided his response to Jane Doe's additional allegations on November 29, 2019.

35. On January 3, 2020, Marlboro's Title IX Panel released their report and found by a preponderance of the evidence that no violation of the school's policy had occurred.

<u>Appeal to Dean's Advisory Committee</u>

36. On January 7, 2020, Jane Doe appealed the decision of the Title IX Panel to the Dean's Advisory Committee.  According to Marlboro's handbook, "Appeals will be limited to the

---

[3]  The Dean's Advisory Committee is comprised of three Marlboro students, three Marlboro faculty, and the Dean of Students.  According to Marlboro's Handbook, "The committee advises the Dean of Students on student business and on the application of College and Town Meeting regulations; it may propose changes in regulations to the faculty, to Town Meeting, and to the Administration."

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

following grounds: (1) consideration of new evidence that was not reasonably available at the time of the formal investigation and/or the Panel's consideration of the matter; (2) an allegation of substantial procedural error on the part of the Investigator, the Title IX Coordinator or the Panel; or (3) the sanction imposed was disproportionate to the conduct violating the Policy."

37. Jane Doe did not argue her appeal based on any of the permitted grounds enumerated in the handbook.  Jane Doe's Appeal Statement contained three arguments for appeal: 1) "[The Title IX Coordinator] was prejudice [sic] in her investigation; 2) "both the Panel and [the Title IX Coordinator] failed to take the full Marlboro Sexual Harassment & Sexual Misconduct Policy into account in regards to the definitions of consent and needed actions when receiving consent"; and 3) "the Panel misunderstood and incorrectly applied the standard of evidence."  Although her appeal was based on impermissible grounds, the appeal was inexplicably permitted to proceed and be heard before the Dean's Advisory Committee.

38. Although the Dean's Advisory Committee needed only to be comprised of three members that were chosen from a pool of three faculty members, the Dean of Students, and three students – one of whom was Jane Doe's "best friend" and had testified on her behalf earlier on during the investigation and whose testimony was included in the very same record that the Committee would be reviewing – no members of the Committee recused themselves from hearing the appeal.

39. Additionally, although Marlboro's policy explicitly states that the three-member appeal panel will be chosen from the seven-member Dean's Advisory Committee, two of the three appeal panel members were not members of the Dean's Advisory Committee.

40. Plaintiff was provided with Jane Doe's formal appeal on January 22nd and was informed that he had five business days to provide his response, which was odd and confusing because the earlier decisions were in his favor and he had nothing to appeal.

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

41. On February 27, 2020, the Dean's Advisory Committee, comprised of only three Marlboro faculty members overturned both earlier determinations in Plaintiff's favor and, found that Plaintiff had acted in violation of Marlboro's policy on sexual misconduct by having non-consensual intercourse with Jane Doe. The Appeal Panel conducted no interviews of their own and based their decision solely upon their supposed review of the underlying investigation.

42. By letter, on February 28, 2020, Marlboro's Dean of Students, sanctioned Plaintiff by suspending him immediately for the remainder of the semester.  The letter provided no reasoning behind the choice of sanction and Plaintiff had been provided no opportunity to discuss the sanctions prior to the decision of the Dean being rendered.  Additionally, the letter mentioned no available avenue of appeal.

43. Shortly thereafter, Plaintiff contacted the Dean and inquired about his options for appeal.  The Dean incorrectly advised Plaintiff that his only recourse was to appeal the decision of the Committee directly to Marlboro College's President.

44. On March 17, 2020, Plaintiff wrote to the President requesting that he overturn the Dean's Advisory Committee's finding.  The President responded to Plaintiff on March 19, 2020 and informed him that no appeal was available.  In his letter, the President wrote that he "[did] not have the authority to overturn the panel's decision" and stated further that, "The decision on the appeal is the final appeal available internally at the College." (Quoting Marlboro's policy).


## CAUSES OF ACTION

### I. Breach of Contract:


45. Plaintiff repeats and realleges the above allegations of this complaint as if fully set forth herein:

46. The relationship between a student and his college is contractual in nature under Vermont law.

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

47. Plaintiff and Marlboro entered into a contractual relationship when Plaintiff paid Marlboro to enroll at the school for his undergraduate education. The contractual relationship between the parties compels certain duties and obligations, many of which can be found in, the Marlboro College Handbook, and other official statements, policies and publications.

48. Marlboro breached its contract with Plaintiff by prosecuting an investigation in violation of its policies and procedures. Plaintiff was provided incorrect instructions regarding his option or lack thereof for appeal, was provided an unjust and unbalanced opportunity to present his case both personally and through the use of witnesses on his behalf, was provided no opportunity to submit a sanction statement prior to the rendering of same, and was subjected to an impermissible appeal based on unauthorized grounds.

49. As a result of Marlboro's breach, Plaintiff's educational career has been put on hold - he has been denied admittance to another institution because of this unjust punishment; his academic and employment future has been severely damaged; the money spent on obtaining a college education at Defendant Marlboro has been squandered; his reputation has been damaged; and his emotional and psychological health have been greatly compromised by the entire ordeal.

50. Wherefore, Plaintiff respectfully requests that this Court, order defendant to reverse its finding that plaintiff violated its policies and expunge the finding from his record; Award Plaintiff compensatory damages in an amount to be determined at trial; Award Plaintiff punitive damages in an amount to be determined at trial; Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action, pursuant to 42 U.S. Code § 1988; and grant Plaintiff such other and further relief that this Court deems proper.

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

## II. Breach of Covenant of Good Faith and Fair Dealing:

51. Plaintiff repeats and realleges the above allegations of this complaint as if fully set forth here:

52. Every contract contains within it an implied covenant of good faith and fair dealing.

53. Marlboro breached that covenant by conducting and pursuing an investigation in an unfair and biased manner.  Plaintiff was provided incorrect instructions regarding his option or lack thereof for appeal, was provided an unjust and unbalanced opportunity to present his case both personally and through the use of witnesses on his behalf, was provided no opportunity to submit a sanction statement prior to the rendering of same, and was subjected to an impermissible appeal based on unauthorized grounds.

54. As a result of Marlboro's breach, Plaintiff has suffered the harms described above.

55. Wherefore, Plaintiff respectfully requests that this Court, order defendant to reverse its finding that plaintiff violated its policies and expunge the finding from his record; Award Plaintiff compensatory damages in an amount to be determined at trial; Award Plaintiff punitive damages in an amount to be determined at trial; Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action, pursuant to 42 U.S. Code § 1988; and grant Plaintiff such other and further relief that this Court deems proper.

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

### III. Violation of Title IX:

56. Plaintiff repeats and realleges the above allegations of this complaint as if fully set forth here:

57. Title IX of the Education Amendments of 1972 is a Federal civil rights law that prohibits discrimination on the basis of sex in education programs and activities.  Pursuant to Title IX, Marlboro is prohibited from subjecting plaintiff to a disciplinary proceeding where sex is a motivating factor in the decision to impose sanctions.

58. Title IX of the Education Amendments of 1972 prohibits Marlboro from conducting an investigation or disciplinary proceeding that is not just and equitable.

59. Title IX of the Education Amendments of 1972 prohibits Marlboro from denying its students their right of due process while conducting an investigation or disciplinary proceeding.

60. Marlboro violated Plaintiff's due process rights and right to be free from discrimination on the basis of sex by subjecting him to an investigation and disciplinary proceeding marked by procedural flaws, gender bias and conflict of interest including, allowing a reversal against the Plaintiff contrary to the overwhelming body of evidence with no right of appeal, and by imposing discipline without an opportunity to be heard.

61. Wherefore, Plaintiff respectfully requests that this Court, order defendant to reverse its finding that plaintiff violated its policies and expunge the finding from his record; Award Plaintiff compensatory damages in an amount to be determined at trial; Award Plaintiff punitive damages in an amount to be determined at trial; Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action, pursuant to 42 U.S. Code § 1988; and grant Plaintiff such other and further relief that this Court deems proper.

Kramer Law, P.C. 42 Park Place, Brattleboro, VT 05301
(802)257-2221 tck@kvpclaw.com

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Order defendant to reverse its finding that plaintiff violated its policies and expunge the finding from his record;

2. Award Plaintiff compensatory damages in an amount to be determined at trial;

3. Award Plaintiff punitive damages in an amount to be determined at trial;

4. Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action, pursuant to 42 U.S. Code § 1988.

5. Grant Plaintiff such other and further relief that this Court deems proper.

*Dated* at Brattleboro, Vermont this 10th day of November, 2020.

Respectfully submitted,

JOHN DOE

By: _____

Theodore C. Kramer, Esq.
Kramer Law Office, P.C.
42 Park Place
Brattleboro, VT 05301
P (802) 257-2221
F (802) 257-2373
*Attorney for the Plaintiff*